Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GUITY HAMZEH, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>PHARMAVITE LLC and NATURE MADE NUTRITIONAL PRODUCTS,<br><br>   *Defendants*. | Case No. 4:24-cv-00472<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# Table of Contents

I.      Introduction. .................................................................................................... 1

II.     Parties ............................................................................................................... 1

III.    Jurisdiction and Venue. .................................................................................... 2

IV.     Facts. ................................................................................................................. 2

        A.      Fish oil supplements do not promote heart health. ............................... 2

        B.      Nature Made sells over-the-counter fish oil supplements that purport to help
                "support a healthy heart." ..................................................................... 3

        C.      Nature Made's labeling is false and misleading to most customers. ............ 6

        C.      Nature Made's fish oil supplements are wholly worthless. ........................ 6

        D.      Ms. Hamzeh was misled and harmed by Nature Made's misleading labeling. ............ 7

        E.      No adequate remedy at law. ................................................................. 8

V.      Class action allegations. .................................................................................. 8

VI.     Claims. ............................................................................................................ 10

        First Cause of Action: Violations of State Consumer Protection Acts .................... 10

        Second Cause of Action: Violation of California's False Advertising Law Bus. & Prof.
                Code §§ 17500 & 17501 et. seq. ......................................................... 11

        Third Cause of Action: Violation of California's Consumer Legal Remedies Act ................ 12

        Fourth Cause of Action: Violation of California's Unfair Competition Law ........................ 14

        Fifth Cause of Action: Breach of Express Warranty ................................................ 15

        Sixth Cause of Action: Quasi-Contract .................................................................. 16

        Seventh Cause of Action: Negligent Misrepresentation ......................................... 17

        Eighth Cause of Action: Intentional Misrepresentation ........................................... 17

VII.    Relief. ............................................................................................................. 18

VIII.   Demand for Jury Trial. .................................................................................... 19

**I.      Introduction.**

1.      Fish oil is one of the most popular dietary supplements.  About 19 million Americans take fish oil supplements, because they believe that the supplements will improve their cardiovascular health.

2.      But the truth is, the supplements do not work.  While eating fish lowers rates of heart attack and stroke risk, taking fish oil *supplements* does not. Indeed, "multiple randomized trials pitting fish oil against placebos show no evidence of heart-related benefits from fish oil supplements."[1]

3.      Fish oil makers, however, continue to market these supplements as helping cardiovascular health.  Scientists and consumer health advocates have warned that fish oil labels are misleading, and that consumers are wasting their money.[2]

4.      Defendants Pharmavite LLC and Nature Made Nutritional Products ("Nature Made" or "Defendants") make, sell, and market Nature Made brand fish oil supplements ("Nature Made Fish Oil Supplements" or "Products").  Each bottle claims that the supplements "Help Support a Healthy Heart."

5.      Like other consumers, Ms. Hamzeh bought the Nature Made Fish Oil Supplements.  Ms. Hamzeh read and relied on this statement that the Product supports a healthy heart.  She would not have purchased the Product if she had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health.

**II.      Parties**

6.      Plaintiff Guity Hamzeh is domiciled in Moroga, California.

7.      The proposed class includes citizens of every state.

8.      Defendant Pharmavite LLC is a California limited liability company with its principal place of business at 8531 Fallbrook Ave., West Hills, CA 91304.

9.      Defendant Nature Made Nutritional Products is a California corporation with its principal place of business at 8531 Fallbrook Ave., West Hills, CA 91304.

---

[1]https://blogs.scientificamerican.com/observations/the-false-promise-of-fish-oil-supplements/
[2] https://www.health.harvard.edu/heart-health/the-false-promise-of-fish-oil-supplements

**III.    Jurisdiction and Venue.**

10.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendants.

11.    The Court has personal jurisdiction over Defendants because Defendants sold Nature Made Fish Oil Supplements to consumers in California, including to Plaintiff.

12.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendants would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendants sold Nature Made Fish Oil Supplements to consumers in this District, including Plaintiff. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendants' conduct giving rise to the claims occurred in this District, including Defendants' sale to Plaintiff.

13.    Divisional Assignment.  This case should be assigned to the San Francisco/Oakland division.  *See* L.R. 3-2(c).  A substantial part of the events giving rise to the claims occurred in Moroga, California.

**IV.    Facts.**

**A.    Fish oil supplements do not promote heart health.**

14.    Consumers take fish oil supplements because of its purported health benefits.  Harvard Medical School describes it thusly:

> Millions of Americans — including one in five people over age 60 — take fish oil supplements, often assuming the capsules help stave off heart disease. Who can blame them? After all, the product labels say things like "promotes heart health" and "supports healthy cholesterol and blood pressure levels."[3]

15.    The problem is, "there's no evidence that these amber capsules improve cardiovascular health— and they may even harm it."[4]  "Multiple randomized trials have compared

---

[3] https://www.health.harvard.edu/heart-health/the-false-promise-of-fish-oil-supplements
[4] *Id.*

fish oil supplements with placebo to look for cardiovascular benefit – and found nothing."[5]  "The bottom line is there is no proof fish oil supplements improve your heart health." [6]

16.    Yet, millions of Americans regularly buy fish oil supplements, believing that taking the supplements will improve or promote their heart health.

**B.    Nature Made sells over-the-counter fish oil supplements that purport to help "support a healthy heart."**

17.    Nature Made makes, markets, and sells Nature Made brand Fish Oil supplements (the "Nature Made Fish Oil Supplements" or "Products") in the United States. The products are available nationwide.  Hundreds of thousands (or even millions) of U.S. consumers buy Nature Made fish oil supplements.

18.    Nature Made makes and sells several varieties of Fish Oil, including the following non-limiting examples: Nature Made Fish Oil Softgels; Nature Made Burp-Less Fish Oil Softgels; Nature Made Fish Oil Gummies; Nature Made Omega-3 From Fish Oil Softgels; Nature Made Extra Strength Omega-3 From Fish Oil Softgels; Nature Made Extra Strength Omega-3 From Fish Oil Minis, Burp-Less; and Ultra Omega-3 from Fish Oil Softgels, Burp-Less. Illustrative examples are shown below:

Nature Made Fish Oil 1200 mg Softgels



[5] https://utswmed.org/medblog/fish-oil-pills-heart/; *see, e.g.*, https://www.nejm.org/doi/full/10.1056/nejmoa1811403; https://www.nejm.org/doi/full/10.1056/nejmoa1804989
[6] *Id.*

Nature Made Fish Oil 1200 mg Softgels, Burp-Less



Nature Made Fish Oil Gummies



Nature Made Omega-3 From Fish Oil 1200mg Softgels



Nature Made Extra Strength Omega-3 From Fish Oil Minis, Burp-Less



Nature Made Extra Strength Omega-3 from Fish Oil 2800 mg Softgels, Burp-Less



Ultra Omega-3 from Fish Oil 1400 mg Softgels, Burp-Less



19.     Each bottle states that products support heart health.  They do this by stating that the products, "Help[] support a healthy heart," "reduce the risk of coronary heart disease," or are made to be "heart healthy."

20.     Each of the Nature Made Products are substantially similar.  They all advertise fish oil supplements, and have a representation on the front of the bottle that it supports heart health, by supporting a healthy heart, reducing the risk of coronary heart disease, or by being "heart healthy."

**C.     Nature Made's labeling is false and misleading to most customers.**

21.     By selling a fish oil supplement that purports to "support a healthy heart," "reduce the risk of coronary heart disease," and/or is "heart healthy," Nature Made is representing to customers that taking their fish oil supplement is beneficial to heart health.

22.     When a consumer picks up a bottle of Nature Made Fish Oil Supplements, the consumer reasonably believes that taking the supplements will be beneficial to heart health.  No reasonable consumer reads the label and expects that the supplement has no effect on heart health.  And, specifically, when a bottle says it, "Helps support a healthy heart," "reduce[s] the risk of coronary heart disease," or is "heart healthy," consumers expect that to be accurate — that the product does help support a healthy heart. But the truth is, the product does not affect heart health.  There is no proof that fish oil supplements improve heart health at all.  In this way, Nature Made's affirmative representations are misleading to reasonable consumers.

**C.     Nature Made's fish oil supplements are wholly worthless.**

23.     The inaccurate labeling of Nature Made Fish Oil Supplements is highly material to reasonable consumers.  The reason that consumers buy fish oil supplements is because they believe that it supports heart health.  No reasonable consumer wants to buy and ingest a fish oil supplement that has no effect on heart health.

24.     Similarly, Nature Made's false and misleading labeling drives the demand for its Fish Oil Supplements.  As explained above, the primary reason that people buy and ingest fish oil supplements is that they believe that it is beneficial to their heart. If consumers knew the truth— that there is no evidence that Nature Made's Fish Oil Supplements have any benefit to heart health at all—the price of its products would crater.

25.     In fact, without its heart benefits, Nature Made's Fish Oil Supplements are worthless. What reasonable person wants to pay for and ingest supplements that do not work?  Plaintiff and each class member paid for Products that are, in truth, worthless.  Thus, the full economic injury here is the entire price of the Nature Made Fish Oil Supplements that Plaintiff and the class members purchased.

**D.      Ms. Hamzeh was misled and harmed by Nature Made's misleading labeling.**

26.     In or around winter of 2022-23, Guity Hamzeh bought a bottle of Nature Made Fish Oil Supplements at a CVS store in Moroga, CA.  She purchased the Product regularly for years.  The package prominently states that it helps "support a healthy heart."  Ms. Hamzeh read and relied on this statement when purchasing the Product.  She would not have purchased the Product at the price she paid if she had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health.

27.     The reason that Ms. Hamzeh bought the Products is because she believed that the Products were good for her heart.  She read and relied on the statement on the label that the Product "Helps support a healthy heart." She would not have purchased the Product at the price she paid, if she knew that the Product did not actually support heart health. In fact, knowing the truth, the Product is worthless to her.  The economic injury she suffered is the entire purchase price she paid for the Product, as it is worthless.

28.     Plaintiff wants Nature Made to fix its practices and sell supplements with accurate labeling.  If Nature Made fixes their Products, so that the supplements actually do help support heart health, she would buy them again.  But given Nature Made's past deception, Plaintiff cannot rely on Nature Made's word alone that it has fixed the problem.  Plaintiff faces an imminent threat of harm because she will not be able to rely on Nature Made's labels in the future, and will not be able to buy Nature Made's Fish Oil Supplements, even if Nature Made claims to have fixed the issue. To buy Nature Made's Products again, Plaintiff needs the Court to enter an order forbidding Nature Made from claiming that its supplements promote heart health unless the supplements actually promote heart health.

**E.     No adequate remedy at law.**

29.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.

30.     A legal remedy is not adequate if it is not as certain as an equitable remedy.  To obtain a full refund as damages, Plaintiff must show that the products they received have essentially no market value.  In contrast, Plaintiff can seek restitution without making this showing.  This is because Plaintiff purchased products that she would not otherwise have purchased, but for Nature Made's misrepresentations.  Obtaining a full refund at law is less certain than obtaining a refund in equity.

31.     Also, winning damages under the CLRA requires additional showings not required under the UCL and FAL.  For example, to obtain damages under the CLRA, Plaintiff must prove that she complied with the CLRA's notice requirement.  No such requirements exist to obtain restitution.  In addition, the CLRA prohibits only particular categories of deceptive conduct.  By contrast, the UCL broadly prohibits "unfair" conduct and is thus broader.

32.     By the same token, Plaintiff's common law claims require additional showings, compared to her UCL, FAL, or unjust enrichment claims.  For example, to prevail on her breach of warranty claim, Plaintiff needs to show that the statements they challenge constitute a warranty and that the warranty was part of the basis of the bargain.  No such showings are required by the UCL or FAL, or for an unjust enrichment theory.  In fact, the UCL and the FAL were enacted specifically to create new claims and remedies not available at common law.  And unjust enrichment exists in part because contractual claims are often more difficult to establish.  In this way, Plaintiff's UCL and FAL claims, and Plaintiff's unjust enrichment claims, are more certain than her legal claims.

33.     Finally, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.     Class action allegations.**

34.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Nature Made Fish Oil Supplements.

- <u>California Subclass</u>: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Nature Made Fish Oil Supplements.

35.     The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

***Numerosity & Ascertainability***

36.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

37.     Class members can be identified through Defendants' sales records and public notice.

***Predominance of Common Questions***

38.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendants made false or misleading statements of fact in their labeling;

(2) whether Defendants violated California's consumer protection statutes;

(3) whether Defendants committed a breach of an express or implied warranty;

(4) damages needed to reasonably compensate Plaintiff and the proposed class.

***Typicality & Adequacy***

39.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Nature Made Fish Oil Supplements.  There are no conflicts of interest between Plaintiff and the class.

***Superiority***

40.     A class action is superior to all other available methods for the fair and efficient

adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.     Claims.**

**First Cause of Action:**

**Violations of State Consumer Protection Acts**

**(on behalf of all Plaintiff and the Multi-State Consumer Protection Subclass)**

41.     Plaintiff incorporates each and every factual allegation set forth above.

42.     As alleged below, Plaintiff brings individual and subclass claims based on California law.  For the Multi-State Consumer Protection Subclass, Plaintiff brings this count for violations of state consumer protection laws that are materially-similar to the laws of California, including:

| State | Statute |
|---|---|
| California | Cal. Bus. & Prof. Code § 17200, and the following; *Id.* §17500, and the following; Cal. Civ. Code §1750 and the following. |
| Connecticut | Conn. Gen Stat. Ann. § 42- 110, and the following. |
| Illinois | 815 ILCS § 501/1, and the following. |
| Maryland | Md. Code Ann. Com. Law, § 13-301, and the following. |
| Missouri | Mo. Rev. Stat. § 407, and the following. |
| New York | N.Y. Gen. Bus. Law § 349, and the following. |

43.     Each of these statutes is materially similar.  Each broadly prohibits deceptive conduct in connection with the sale of goods to consumers.  No state requires individualized reliance, or proof of defendant's knowledge or intent.  Instead, it is sufficient that the deceptive conduct is misleading to reasonable consumers and that the conduct proximately caused harm.

44.     As alleged in detail above, Defendants' misrepresentations are misleading to reasonable consumers in a material way.  Defendants' false and misleading labeling was a substantial factor in Plaintiff's purchase decisions and the purchase decisions of class members.

45.     Plaintiff and class members were injured as a direct and proximate result of Defendants' conduct because: (a) they would not have purchased Nature Made Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

<u>**Second Cause of Action:**</u>

**Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq.**

**(By Plaintiff and the California Subclass)**

46.     Plaintiff incorporates each and every factual allegation set forth above.

47.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

48.     Defendants have violated Sections 17500 and 17501 of the Business and Professions Code.

49.     Defendants have violated, and continue to violate, Section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and subclass members.

50.     As alleged more fully above, Defendants falsely advertised their products by falsely representing that Nature Made Fish Oil Supplements support heart health.

51.     Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Products.  In addition, subclass-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

52.     Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision and the purchase decision of subclass members.

53.     Plaintiff and the subclass were injured as a direct and proximate result of Defendants' conduct because: (a) they would not have purchased Nature Made Fish Oil Supplements if they had

1    known that the Products have not actually been shown to improve cardiovascular outcomes or

2    promote heart health or (b) they received products that were, in truth, worthless.

3                              **Third Cause of Action:**

4                    **Violation of California's Consumer Legal Remedies Act**

5                        **(by Plaintiff and the California Subclass)**

6         54.    Plaintiff incorporates each and every factual allegation set forth above.

7         55.    Plaintiff brings this cause of action on behalf of herself and members of the California

8    Subclass.

9         56.    Plaintiff and the subclass are "consumers," as the term is defined by California Civil

10   Code § 1761(d).

11        57.    Plaintiff and the subclass have engaged in "transactions" with Defendants as that term

12   is defined by California Civil Code § 1761(e).

13        58.    The conduct alleged in this Complaint constitutes unfair methods of competition and

14   unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was

15   undertaken by Defendants in transactions intended to result in, and which did result in, the sale of

16   goods to consumers.

17        59.    As alleged more fully above, Defendants have violated the CLRA by falsely

18   representing that Nature Made Fish Oil Supplements support heart health (e.g. by supporting heart

19   health, reducing the risk of coronary disease, or supporting a healthy heart).  Defendants knew, or

20   should have known through the exercise of reasonable care, that these statements were false and

21   misleading.

22        60.    Defendants violated, and continues to violate, section 1770 of the California Civil

23   Code.

24        61.    Defendants violated, and continue to violate, section 1770(a)(5) of the California

25   Civil Code by representing that Products offered for sale have characteristics or benefits that they do

26   not have.  Defendants represent that their Products have the characteristic of supporting heart health

27   or reducing coronary heart disease, when in reality they do not.

28

62.     Defendants violated, and continue to violate, section 1770(a)(7) of the California Civil Code by representing that Products offered for sale are of a particular standard, quality, or grade, if they are another.  Defendants represent that their Products meet the standard of supporting heart health, when in reality they do not.

63.     And Defendants violated, and continue to violate, section 1770(a)(9) of the California Civil Code.  Defendants violated this by advertising their Products as being fit for their intended purpose of supporting heart health, when in fact Defendants do not intend to sell the Products as advertised.

64.     Defendants' false labeling was likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendants knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

65.     Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Products.  In addition, subclass-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

66.     Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision and the purchase decision of subclass members.

67.     Plaintiff and the subclass were injured as a direct and proximate result of Defendants' conduct because: (a) they would not have purchased Nature Made Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health, or (b) they received products that were, in truth, worthless.

68.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Ms. Hamzeh, on behalf of herself and all other members of the subclass, seeks injunctive relief.

69.     CLRA § 1782 NOTICE.  On January 17, 2024, a CLRA demand letter was sent to Defendants' California registered agent and California headquarters via certified mail (return receipt requested), that provided notice of Defendants' violations of the CLRA and demanded that Defendants correct the unlawful, unfair, false and/or deceptive practices alleged here.  If Defendants do not fully correct the problem for Plaintiff and for each member of the California Subclass within

1  30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under

2  the CLRA.

3          70.     A CLRA venue declaration is attached.

4                            **Fourth Cause of Action:**

5                **Violation of California's Unfair Competition Law**

6                   **(by Plaintiff and the California Subclass)**

7          71.     Plaintiff incorporates each and every factual allegation set forth above.

8          72.     Plaintiff brings this cause of action on behalf of herself and members of the California

9  Subclass.

10         73.     Defendants have violated California's Unfair Competition Law (UCL) by engaging in

11  unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

12         *The Unlawful Prong*

13         74.     Defendants engaged in unlawful conduct by violating the CLRA and FAL, as alleged

14  above and incorporated here.

15         75.     In addition, Nature Made engaged in unlawful conduct by violating California Health

16  & Safety Code § 109875 et seq. (the Sherman Food Drug and Cosmetic Law) which adopts and

17  parallels federal FDCA requirements, including prohibitions on false and misleading labeling.

18         *The Fraudulent Prong*

19         76.     As alleged in detail above, Defendants' representations that its Products promote

20  heart heart, or that its Products improve cardiovascular outcomes, were false and misleading.  Its

21  labeling is likely to deceive, and did deceive, Plaintiff and other reasonable consumers.

22         *The Unfair Prong*

23         77.     Defendants' conduct, as detailed above, also violated the "unfair" prong of the UCL.

24         78.     Defendants' conduct caused substantial injury to Plaintiff and subclass members. The

25  harm to Plaintiff and the subclass greatly outweighs the public utility of Defendants' conduct (which

26  is none). Inaccurately labeled fish oil supplements have no public utility. This injury was not

27  outweighed by any countervailing benefits to consumers or competition. Misleading labels only

28  injure healthy competition and harm consumers.

79.     Plaintiff and the subclass could not have reasonably avoided this injury.  As alleged above, Defendants' labeling is false and misleading. Their labeling is likely to deceive, and did deceive reasonable consumers like Plaintiff.

80.     Defendants' conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

81.     Defendants' conduct violated the public policy against false and misleading labels, which is tethered to the CLRA and the FAL, as well as California's Sherman Act.

* * *

82.     For all prongs, Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Products.  In addition, subclass-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

83.     Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision and the purchase decision of subclass members.

84.     Plaintiff and the subclass were injured as a direct and proximate result of Defendants' conduct because: (a) they would not have purchased Nature Made Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

**Fifth Cause of Action:**

**Breach of Express Warranty**

**(by Plaintiff and the Nationwide Class)**

85.     Plaintiff incorporates each and every factual allegation set forth above.

86.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this claim for herself and members of the California Subclass.

87.     Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the Nature Made Fish Oil Supplements, issued material, written warranties by representing that the

Products help support a healthy heart.  This was an affirmation of fact about the Products (i.e., a description of the supplements) and a promise relating to the goods.

88.     This warranty was part of the basis of the bargain and Plaintiff and class members relied on this warranty.

89.     In fact, the Nature Made Fish Oil Supplements do not conform to the above-referenced representation because, as alleged in detail above, Nature Made's labeling is inaccurate and the Products have not been shown to support a healthy heart.  They do not promote heart health or improve cardiovascular outcomes.  Thus, the warranty was breached.

90.     Plaintiff provided Defendants with notice of this breach of warranty, by mailing a notice letter to Defendants' headquarters, on January 17, 2024.

91.     Plaintiff and class members were injured as a direct and proximate result of Defendants' conduct, and this conduct was a substantial factor in causing harm, because: (a) they would not have purchased Nature Made Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

### Sixth Cause of Action:

### Quasi-Contract

### (by Plaintiff and the Nationwide Class)

92.     Plaintiff incorporates each and every factual allegation set forth above.

93.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class. Plaintiff brings this cause of action in the alternative to her Breach of Express Warranty claim (Fifth Cause of Action) on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this claim on behalf of herself and the California Subclass.

94.     As alleged in detail above, Defendants' false and misleading representations caused Plaintiff and the class to purchase wholly worthless Products.

95.     In this way, Defendants received a direct and unjust benefit, at Plaintiff's expense.

96.     Plaintiff and the class seek restitution, and in the alternative, rescission.

**Seventh Cause of Action:**

**Negligent Misrepresentation**

**(by Plaintiff and the Nationwide Class)**

97.     Plaintiff incorporates each and every factual allegation set forth above.

98.     Plaintiff brings this cause of action on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this claim for herself and members of the California Subclass.

99.     As alleged more fully above, Defendants made false representations to Plaintiff and class members concerning their statements that the supplements support a healthy heart.

100.    These representations were false.

101.    When Defendants made these misrepresentations, they knew or should have known that they were false.  Defendants had no reasonable grounds for believing that these representations were true when made.

102.    Defendants intended that Plaintiff and class members rely on these representations and Plaintiff and class members read and reasonably relied on them.

103.    In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Nature Made Fish Oil Supplements.

104.    Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

105.    Plaintiff and class members were injured as a direct and proximate result of Defendants' conduct because: (a) they would not have purchased Nature Made Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

**Eighth Cause of Action:**

**Intentional Misrepresentation**

**(by Plaintiff and the California Subclass)**

106.    Plaintiff incorporates each and every factual allegation set forth above.

107.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

108.    As alleged more fully above, Defendants made false representations to Plaintiff and class members concerning their statements that the supplements support a healthy heart.

109.    These representations were false.

110.    When Defendants made these misrepresentations, they knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

111.    Defendants intended that Plaintiff and class members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

112.    In addition, subclass-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

113.    Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

114.    Plaintiff and class members were injured as a direct and proximate result of Defendants' conduct because: (a) they would not have purchased Nature Made Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

**VII.    Relief.**

115.    Plaintiff seeks the following relief for herself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Rescission;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendants' deceptive conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

## VIII.   Demand for Jury Trial.

116.   Plaintiff demands the right to a jury trial on all claims so triable.

Dated: January 25, 2024                     Respectfully submitted,

                                            By: /s/ *Simon Franzini*
                                            Simon Franzini (Cal. Bar No. 287631)
                                            simon@dovel.com
                                            DOVEL & LUNER, LLP
                                            201 Santa Monica Blvd., Suite 600
                                            Santa Monica, California 90401
                                            Telephone: (310) 656-7066
                                            Facsimile: (310) 656-7069

                                            Zachary Arbitman*
                                            FELDMAN SHEPHERD WOHLGELERNTER
                                            TANNER WEINSTOCK & DODIG, LLP
                                            1845 Walnut Street, 21st Floor
                                            Philadelphia, PA 19103
                                            T: (215) 567-8300
                                            F: (215) 567-8333

                                            *Pro Hac Vice Applications Forthcoming

                                            *Attorneys for Plaintiff*