UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUITY HAMZEH,<br><br>    Plaintiff,<br><br>v.<br><br>PHARMAVITE LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-00472-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>Re: Dkt. Nos. 56, 69, 70, 73 |

Pending before the Court is Defendants Pharmavite LLC and Nature Made Nutritional Products' (collectively, "Pharmavite") motion for leave to file a motion for reconsideration. Dkt. No. 56 ("Mot."). Pharmavite moves for leave to file a motion for reconsideration of the Court's February 26, 2025 order, which denied Defendants' motions to dismiss Plaintiff's First Amended Complaint. Dkt. No. 55 ("Order"). For the reasons discussed below, the Court **DENIES** Defendants' motion.

**I.  BACKGROUND**

Plaintiff alleges that Pharmavite misled consumers by deceptively labeling several Nature Made fish oil capsule products with the phrase "[h]elps support a healthy heart." Dkt. No. 42 at 3. According to Plaintiff, Pharmavite's label is false because "[m]ultiple randomized trials have compared fish oil supplements with placebo to look for cardiovascular benefit – and found nothing." *Id.* at 5. Based on Pharmavite's allegedly deceptive labeling, Plaintiff sued on behalf of a putative nationwide class and two subclasses. *Id.* at 11. On May 13, 2024, Pharmavite moved to dismiss Plaintiff's claims and strike portions of the complaint. *See* Dkt. No. 46. On February 26, 2025, the Court denied both motions. *See* Order at 13.

Pharmavite moves for leave to file a motion for reconsideration of the Court's decision

under Civil Rule 7-9.  The motion is now fully briefed.  *See* Dkt. Nos. 66 ("Opp."), 68 ("Reply").

**II.   LEGAL STANDARD**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted).  Under Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)."  Civil L.R. 7-9(a).  Civil Local Rule 7-9(b) requires moving parties to make "reasonable diligence" in bringing the motion and show one of three bases for leave:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

"A motion for reconsideration is not a vehicle for perpetually relitigating the Court's rulings, or a substitute for appeal." *Feamster v. Gaco W., LLC*, No. 18-cv-01327-HSG, 2019 WL 4305536, at *1 (N.D. Cal. Sept. 11, 2019).  The moving party may not "repeat any oral or written argument" articulated for or against the interlocutory order in question.  Civil L.R. 7-9(c).

**III.   DISCUSSION**

    **A.   Civil Local Rule 7-9(b)(1)**

Pharmavite first argues that a material difference in law exists based on *Bowler v. Nestlé Health Science, U.S., LLC*, 763 F. Supp. 3d 996 (C.D. Cal. 2025). *See* Mot. at 9.  But *Bowler* was issued on January 28, 2025, nearly a month before this Court's February 26, 2025 order. *See*

2

1  *Bowler*, 763 F. Supp. 3d 996.  Rule 7-9(b)(1) requires the moving party to show that, despite
2  reasonable diligence, they "did not know such fact or law at the time of the interlocutory order."
3  Civil L.R. 7-9(b)(1).  Pharmavite concedes that it learned of the *Bowler* ruling "at most, a few
4  weeks before the February 26, 2025 Order," Reply at 8, and that it was "preparing to submit"
5  *Bowler* to the Court when the Order was issued.  Mot. at 8.  Because Pharmavite was aware of the
6  purported difference in law at the time of the Order, *Bowler* does not provide a basis for leave.
7  *See* Civil L.R. 7-9(b)(1).

8  Pharmavite additionally argues that *Magpayo v. Walmart Inc.*, No. 24-cv-01350-WHO,
9  2025 WL 754065 (N.D. Cal. Mar. 10, 2025) creates a material difference in law.  Reply at 10–11.
10 However, Civil Local Rule 7-9(b)(1) is limited to differences that exist "at the time of the motion
11 for leave."  Civil L.R. 7-9(b)(1).  Accordingly, it cannot apply to *Magpayo*, which was issued
12 three days *after* Pharmavite filed its motion for leave.

### B. Civil Local Rule 7-9(b)(2)

14 Pharmavite further contends that *Magpayo* constitutes a "change of law occurring after"
15 the Order under Rule 7-9(b)(2).  *See* Reply at 7 n.1.  While *Magpayo* is timely for purposes of
16 Rule 7-9(b)(2), it does not constitute a change of law sufficient for leave.  Only changes of
17 controlling law warrant leave under Rule 7-9(b)(2).  *See Buffin v. City & Cnty. of San Francisco*,
18 No. 15-cv-04959-YGR, 2019 WL 1017537, at *13 (N.D. Cal. Mar. 4, 2019) (holding that a
19 change in controlling law is required); *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l, LLC*,
20 No. C 08-1232 VRW, 2009 WL 10681000, at *1 (N.D. Cal. Sept. 23, 2009) ("Despite the
21 imprecise language of the local rule, only a change in controlling law warrants reconsideration"
22 (emphasis in original)).  This Court's orders reflect that interpretation of Rule 7-9(b)(2).  *See*
23 *Farfan v. SSC Carmichael Operating Co. LP*, No. 18-cv-01472-HSG, 2019 WL 4933577, at *2
24 (N.D. Cal. Oct. 7, 2019); *JH Kelly, LLC v. AECOM Tech. Servs., Inc.*, No. 20-cv-05381-HSG,
25 2022 WL 1734881, at *4 (N.D. Cal. May 29, 2022) (noting the unlikelihood that an "unpublished,
26 non-binding decision from another district court warrants the 'extraordinary remedy' of
27 reconsideration").  The Court declines to depart from this consistent application of Local Rule 7-

3

9(b)(2).  Accordingly, *Magpayo* does not present a change of law warranting reconsideration.[1]

## C.  Civil Local Rule 7-9(b)(3)

Pharmavite asserts that the Court manifestly failed to consider three issues such that reconsideration is appropriate under Civil Local Rule 7-9(b)(3).  Mot. at 11–14.  According to Pharmavite, the Order (1) "confuse[d] the two scientific studies" with "statements written in blog posts"; (2) "conflate[d] the actual structure/function statement . . . with a very different assertion that . . . Pharmavite nowhere makes"; and (3) failed to consider that the studies cited in Plaintiff's complaint "concern disease" and "actually present statistically significant evidence that supplementation with omega-3 reduces the risk of some cardiovascular disease."  *Id.*

To the extent Pharmavite argues that the Court failed to consider material facts or dispositive legal arguments, the Court rejects that claim.  The Court addressed the contested scientific studies at length.  Order at 9–11.  And the Court explicitly stated that the studies "provide some direct evidence of the falsity of [Pharmavite's] 'supports heart health' claim."  *Id.* at 10.  The Court also rejected Pharmavite's arguments that the cited studies are insufficient, at this stage, to (1) challenge its labeling and (2) support Plaintiff's allegations.  *See id.* ("[W]hile these studies do discuss diseases, they make it not only possible, but plausible that the [supplements] do not improve heart health more generally." (quotations omitted)).  Simple disagreement with the Court's thoroughly-articulated decision is not manifest failure under Rule 7-9(b)(3) or a basis for reconsideration.  *See Sequeira v. U.S. Dep't of Homeland Sec.*, No. 22-cv-07996-HSG, 2024 WL 2261939 at *2 (N.D. Cal. May 16, 2024); *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13–cv–01081–PSG, 2015 WL 4463742 at *4 (N.D. Cal. July 21, 2015) (holding that a motion for reconsideration "is not an opportunity to relitigate issues that have already been thoughtfully decided" (internal citation omitted)).

Since Civil Local Rule 7-9 does not provide a basis for reconsideration, Pharmavite's motion for leave to seek reconsideration is denied.

//

---

[1] Moreover, *Magpayo* references the Order and explicitly distinguishes it because "the record . . . is different."  *See Magpayo*, 2025 WL 754065, at *2 n.3.

4

## IV. PLAINTIFF'S STATEMENT OF RECENT DECISION

After briefing on the motion was complete, Plaintiff submitted a Statement of Recent Decision under Civil Local Rule 7-3(d)(2) and later supplemented the submission. Dkt. Nos. 69, 70. Plaintiff's filing provided the Court with a recent decision and argued that it was a "related, nearly identical action." *Id.* Plaintiff's filing thus violated Local Rule 7-3(d)(2)'s provision that a statement of recent decision "shall contain a citation to and provide a copy of the new opinion *without argument*." *See* Civil L.R. 7-3(d)(2) (emphasis added). The Court therefore strikes Dkt. Nos. 69 and 70 and directs the Clerk to remove them from the docket.

## V. CONCLUSION

Pharmavite's motion for leave to file a motion for reconsideration, Dkt. No. 56, is **DENIED**. The Court **STRIKES** Plaintiff's Statement of Recent Decision, Dkt. Nos. 69 and 70. This Order **TERMINATES** Dkt. No. 73, Pharmavite's request to respond to Plaintiff's Statement of Recent Decision.

**IT IS SO ORDERED.**

Dated:  7/1/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

5