UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUITY HAMZEH,<br><br>    Plaintiff,<br><br>v.<br><br>PHARMAVITE LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-00472-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 74 |

Pending before the Court is Defendants Pharmavite LLC and Nature Made Nutritional Products' (collectively, "Pharmavite") motion to stay the proceedings and issue a protective order staying discovery until the appeal in *Bowler v. Nestlé Health Science, U.S., LLC* is resolved by the Ninth Circuit.[1] Dkt. No. 74 ("Mot."). For the reasons discussed below, the Court **DENIES** Defendants' motion.

## I. LEGAL STANDARD

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a *Landis* stay is warranted, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "[I]f there is even a

---

[1] *Bowler v. Nestle Health Sci. U.S., LLC*, 763 F. Supp. 3d 996 (C.D. Cal. 2025), appeal docketed, No. 25-1239 (9th Cir. Feb. 26, 2025).

1  fair possibility that the stay for which [the requesting party] prays will work damage to [someone]
2  else," then the party seeking a stay "must make out a clear case of hardship or inequity in being
3  required to go forward." *Landis*, 299 U.S. at 255.  The decision whether to grant a *Landis* stay is
4  ultimately within the Court's discretion.  *See Dependable Highway Express, Inc. v. Navigators*
5  *Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## II.  DISCUSSION

The Court declines to exercise its discretion to stay this matter.  As Pharmavite notes, "proceedings before the Ninth Circuit [in *Bowler*] are in early stages." Mot. at 13.  "[W]hile the briefing schedule is set in the case, oral argument has not yet been scheduled and neither the parties . . . nor the Court can forecast when the . . . Circuit will ultimately issue a decision." *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 97511 at *4 (N.D. Cal. Jan. 8, 2016).  Moreover, there is no guarantee that the Ninth Circuit will issue a controlling decision in *Bowler*, given the possibility of a memorandum disposition.  "Judicial economy . . . is the primary basis courts consider when ruling on motions to stay." *Vance v. Google LLC*, No. 5:20-CV-04696-BLF, 2021 WL 534363, at *6 (N.D. Cal. Feb 12, 2021).  And here, the possibility of further protracting this matter counsels against a stay.  *See Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. June 14, 2016); *Johnson v. Starbucks Corp.*, No. 18-CV-01134-MEJ, 2018 WL 2938548, at *1 (N.D. Cal. June 12, 2018) ("[A] stay . . . is appropriate when it serves the interests of judicial economy and efficiency.").  Because this factor is dispositive, the Court does not address Defendant's other arguments.  *See Gabriella v. Recology Inc.*, No. 21-cv-08460-HSG, 2022 WL 6271866, at *5 (N.D. Cal. Sept. 9, 2022).  Accordingly, the Court denies Pharmavite's request.[2]  The parties and the Court can assess the ramifications of any decision in *Bowler* once the Ninth Circuit rules.

//
//
//

---

[2] Pharmavite's request for a protective order to stay discovery pending resolution of its motion for stay is therefore also denied.

**III.     CONCLUSION**

Pharmavite's motion to stay proceedings pending resolution of the *Bowler* appeal, Dkt. No. 74, is **DENIED**.

**IT IS SO ORDERED.**

Dated:    7/8/2025

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge