United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GUITY HAMZEH,

Plaintiff,

v.

PHARMAVITE LLC, et al.,

Defendants.

Case No. 24-cv-00472-HSG (PHK)

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. 138

This case has been referred to the undersigned for all discovery purposes. *See* Dkt. 105. Now before the Court is a joint discovery letter brief regarding a dispute between the Plaintiff Guity Hamzeh ("Plaintiff") and Defendant Pharmavite LLC ("Pharmavite" or "Defendant"). [Dkt. 138]. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## LEGAL STANDARD

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285

F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

**DISCUSSION**

The Parties reached agreement that the Relevant Time Period for ESI would be from January 1, 2017 to the present. Plaintiff argues that Defendant is refusing to produce ESI from "non-custodial sources" from that Relevant Time Period and has only produced ESI from custodial sources from that Relevant Time Period. [Dkt. 138 at 2].

United States District Court
Northern District of California

Defendant argues that this misrepresents Defendant's position and the dispute. Defendant argues that the instant dispute is much narrower. Defendant is not and has not withheld "non-custodial" ESI from the Relevant Time Period and has, in fact, produced such ESI (using agreed upon search terms) from both custodial and non-custodial sources. *Id.* at 4. Defendant argues that the real dispute is whether Sales Data and Exemplars (which Defendant defines in the letter brief) are being produced outside of the ESI protocol process and that such data are only relevant within the statute of limitations period because such data only relates to damages (because information on sales which predates the statute of limitations is not relevant to damages). *Id.* Defendant argues that it should properly only be required to produce Sales Data and Exemplars dating from the start of the statute of limitations period (January 25, 2020) to the present. *Id.* at 4-5.

Plaintiff argues that the statute of limitations is not a proper limitation on the scope of discovery, citing *Allen v. Similasan Corp.*, 2014 WL 2212120, at *2 (S.D. Cal. May 27, 2014). [Dkt. 138 at 3]. Plaintiff also argues that Judge Van Keulen held in a co-pending case similar to the instant case *Clark et al. v. Nordic Naturals, Inc.*, No. 5:24-CV-04058-EKL, (N.D. Cal. 2024) that the relevant time period for both custodial and non-custodial ESI should be the same as sought here (January 1, 2017) and that this ruling should be followed here. [Dkt. 138 at 2].

In response, Defendant argues that the issue of Sales Data and Exemplars was not before Judge Van Keulen, and cites *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620 (N.D. Cal. 2013) to support the position that the information sought here (such as sales numbers and sales volumes) outside the statute of limitations period is not relevant. [Dkt. 138 at 4].

Based on Defendant's representations, it appears that Defendant is not refusing on a blanket basis to produce non-custodial data from January 1, 2017 and has agreed to produce such data following the ESI protocol and agreed search terms. It is unclear whether that production is complete or not. Accordingly, Defendant is **ORDERED** to file a Status Report with the Court by **September 11, 2026** which reports on the status of completion of the production of ESI from non-custodial sources from January 1, 2017 to the present, and to include in that Status Report confirmation of what the non-custodial sources are.

With regard to Sales Data (as defined by Defendant), Defendant has been producing such

information in spreadsheet form compiling sales information from internal databases or sources. This production is therefore somewhat different from the standard ESI production protocol which relies on identifying sources and then running agreed-upon search terms. As such, Defendant's argument that the Sales Data are outside the agreed-upon ESI protocol has some merit. In any event, Plaintiff has not addressed or shown why such information, which predates the statute of limitations period, is within the scope of relevance for discovery. *See Ogden*, 292 F.R.D. at 628 (". . . information such as sales numbers, advertising expenditures, profits, costs, or other information not tied to the marketing decisions is not relevant beyond the limitations period."). Nor has Plaintiff demonstrated why Sales Data preceding the statute of limitations period is important in resolving issues in dispute, and thus has not shown why, even if somehow relevant, that pre-limitations period Sales Data is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to compel Sales Data which predates the statute of limitations period.

While there is no support in the record now, it is conceivable that, as discovery progresses, Plaintiff may develop a reasonable basis to show why such Sales Data from the pre-statute of limitations period (January 1, 2017 to January 25, 2020) is within the scope of relevance for discovery purposes and is proportional to the needs of the case. The *Ogden* opinion indicates, for example, that sales numbers which *are* tied to the marketing decisions beyond the limitations period could be within the scope of relevance. If later in this case Plaintiff reasonably believes in good faith, based on new facts or developments in this case, that such pre-limitations period Sales Data is both relevant and proportional, the Court **ORDERS** the Parties to meet and confer to attempt to reach agreement on a protocol for production of such Sales Data.

The next issue is whether Defendant should be required to produce "Exemplars" from the pre-statute of limitation period. Defendant defines Exemplars as "every iteration of every label on which Plaintiff and the putative class members could have relied in purchasing the Products during the SOL period." [Dkt 138 at 5]. Defendant does not explain how or why these sample labels are exempt from the general agreement to produce non-custodial materials from January 1, 2017 to the present. There is no information in the record that these labels are somehow not electronically

stored. Unlike the argument as to Sales Data, Defendant's argument that Exemplars are somehow outside the scope of the ESI protocol here is not well-supported.

Defendant cites no case law to support exempting sample labels from an agreed upon ESI protocol (which by definition should reflect the Parties' agreements on relevance and proportionality). Defendant makes no argument and provides no evidence that producing sample labels for products from January 1, 2017 to the start of the statute of limitation period (January 25, 2020) would be unduly burdensome or not proportional. Indeed, because the Parties apparently agreed that Defendant need only produce samples of labels for products (regardless of time period), and not every single duplicative label, the burden is mitigated further.

Accordingly, the Court **OVERRULES** Defendant's objections to producing Exemplars from January 1, 2017 to the present. Because Defendant represents that Defendant has already completed production of the Exemplars from January 25, 2020 to the present, the only time period missing for Exemplars is January 1, 2017 to January 25, 2020. Accordingly, the Court **ORDERS** Defendant to produce Exemplars from January 1, 2017 to January 25, 2020.

In the Status Report due September 11, 2026, Defendant **SHALL** also report on the status of producing the additional Exemplars which were not already previously produced from the time period from January 1, 2017 to the start of the statute of limitations period.

**CONCLUSION**

For all the reasons discussed herein, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to compel Defendant to produce Sales Data which predates the statute of limitations period. And for the reasons discussed herein, the Court **GRANTS** Plaintiff's motion to compel Defendant to produce Exemplars from January 1, 2017 to January 25, 2020.

This **RESOLVES** Dkt. 138.

**IT IS SO ORDERED.**

Dated: September 1, 2026



PETER H. KANG
United States Magistrate Judge